Melancon v. Gaylor                        CV-94-310-L   09/27/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Diane M. Melancon, M.D.


     v.                                    #C-94-310-L

Michael Gaylor, M.D. and
 Dartmouth College Medical School


                            <u>ORDER</u>


     The complaint in this case was filed on June 10, 1994.  On
June 15, 1994 the plaintiff with the concurrence of the
defendants, pursuant to Rule 26 (c) of the Federal Rules of Civil
Procedure moved for a protective order sealing all pleadings in
this matter until such time as otherwise requested by the
plaintiff.  The motion was granted by the court on June 16, 1994.

     The parties attempted to settle this case, but a stumbling
block was plaintiff's refusal to be bound by a stipulation to
refrain from filing a complaint with the Medical Practice Board
for the States of New Hampshire and Vermont.

     The case was then dismissed without prejudice on June 15,
1994 by plaintiff's attorney Leslie C. Nixon.

     On March 31, 1995 the court made an order regarding
disposition of sealed documents.  This is purely an
administrative act and the order was to the effect that unless a

response is filed within thirteen workdays requesting an alternative form of disposition, the document will be unsealed, docketed and filed in the case.

On April 13, 1995 the court, believing that there was no objection by the plaintiff, granted the motion of Michael Gaylor, M.D. to amend the order regarding disposition of sealed documents. The substituted order indicates that the file is to be destroyed. Defendant Gaylor's counsel stated that Attorney Moffett, representing Dartmouth College Medical School, had no objection. Further, that plaintiff's former counsel reported that an impediment has arisen to communication with her client, and she lacks authority either to consent or object to the motion.

On May 2, 1995, well after the thirteen day time limit, the plaintiff wrote to James Starr, Clerk of Court requesting an extension of time to respond to the order regarding the disposition of the sealed documents.

On May 4, 1995 the court, realizing the plaintiff was pro se, granted her an extension of time to procure new counsel. Plaintiff retained Attorney Stephen H. Roberts on June 22, 1995.

On December 13, 1995 the plaintiff filed a formal complaint against the defendant, Dr. Gaylor, which is part of the court's file. In the complaint at paragraph one is the following: "I

2

request anonymity in this matter, that my name be kept confidential and that matters concerning me remain confidential."

On June 23, 1995 plaintiff's counsel filed an objection to defendant's motion to amend the order regarding disposition of sealed documents.

The court held a hearing on September 26, 1995. Attorney Stephen H. Roberts, representing the plaintiff, was present as well as Attorney Ernest P. Sachs, legal representative for defendant Gaylor, and Attorney Howard M. Moffett, legal representative for the Dartmouth Medical School.

Petition of Keene Sentinel, 136 N.H. 121 (1992) has been cited to the court by counsel. It was the holding in this case that a court is empowered to determine if there is some overriding consideration or special circumstance, that is a sufficiently compelling interest, that would justify preventing public access to the records. There is a presumption that court records are public.

The court takes a middle course in this litigation. It is the conclusion of this court that the order of June 26, 1995 should be abrogated and the following order substituted:

3

Pleadings and motions concerning this action shall be returned to the submitting party.

September 27, 1995

                                        _____
                                          Martin F. Loughlin
                                          Senior Judge

Howard M. Moffett, Esq.
Ernest P. Sachs, Esq.
Leslie C. Nixon, Esq.
Stephen H. Roberts, Esq.

4